UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-----------------------------------------------------------X
RAFAEL SALAZAR,

               Plaintiff,

**COMPLAINT**

**CASE NO: 2:18-cv-13765**

SKOURA CORPORATION d/b/a DAILY TREAT
RESTAURANT and JOHN SKOUTAKIS,

               Defendants.
-----------------------------------------------------------X

    RAFAEL SALAZAR ("Plaintiff"), by and through his attorneys, Bashian & Papantoniou, P.C., upon his knowledge and belief, and as against Defendants, SKOURA CORPORATION d/b/a DAILY TREAT RESTAURANT ("Skoura") and JOHN SKOUTAKIS ("Skoutakis"), (hereinafter collectively, Skoura and Skoutakis shall be referred to as the "Defendants"), alleges as follows:

## NATURE OF THE ACTION

    1.    Plaintiff was employed by Defendants from approximately October 24, 1984 until on or about August 14, 2017.

    2.    Defendant, Skoura, owns, operates, and/or controls that certain restaurant located at 177 East Ridgewood Ave., Ridgewood, New Jersey 07450, doing business as Daily Treat Restaurant (hereinafter "Daily Treat").

    3.    Plaintiff was employed by Daily Treat in the kitchen as a broiler/sortie cook.

    4.    Plaintiff regularly worked for Defendants in excess of 40 hours per week, without appropriate overtime compensation for the hours that he worked.

    5.    Defendants failed to pay Plaintiff's overtime premium.

52096v2

6. At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiff work in excess of forty (40) hours per week without providing the overtime compensation required by federal and state law and regulations.

7. Plaintiff now brings this action for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the New Jersey Wage and Hour Law, NJSA § 34:11-56 *et seq* ("NJWHL"), including applicable liquidated damages, interest, attorneys' fees and costs.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction pursuant to the FLSA, 29 U.S.C. § 216(b), 28 U.S.C. § 1337 (interstate commerce), and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over the state law claims is conferred by 28 U.S.C. § 1367(a).

9. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their business in this district, and Plaintiff was employed by Defendants in this district.

## PARTIES

*Plaintiff Rafael Salazar*

10. Plaintiff is over the age of 18 years, *sui juris*, and was employed by Defendants within this district.

11. Plaintiff's employment began on or around October 24, 1984.

12. Plaintiff's employment ended on or around August 14, 2017.

*Defendant Skoura*

13. At all times relevant to this complaint, Skoura owned, operated, and/or controlled a restaurant located at 177 East Ridgewood Ave., Ridgewood, New Jersey 07450.

14. Upon information and belief, Skoura is a corporation organized and existing under the laws of the state of New Jersey. Upon information and belief, it maintains its principal place of business at 177 East Ridgewood Ave., Ridgewood, New Jersey 07450.

15. At all times relevant to this action, Skoura was and is engaged in commerce or in an industry or activity affecting commerce.

16. Skoura constitutes an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r-s).

17. Skoura had control over the wages and compensation of its employees, including Plaintiff, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

*Defendant Skoutakis*

18. Defendant Skoutakis is an individual engaging (or who was engaged) in business in this District during the relevant time period.

19. Defendant Skoutakis is sued individually in his capacity as, on information and belief, an owner, officer and/or agent of Defendant Skoura.

20. Upon information and belief, Defendant Skoutakis possesses or possessed operational control over Defendant Skoura possesses or possessed an ownership interest in Defendant Skoura, and controls or controlled significant functions of the Defendant Skoura.

21. Upon information and belief, Defendant Skoutakis has and/or had control over the wages and compensation of Skoura's employees, including Plaintiff, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

22. Defendants operate a restaurant in Ridgewood, New Jersey known as Daily Treat.

23. Defendants possessed substantial control over Plaintiff's working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff.

24. Defendants employed Plaintiff and was his employer within the meaning of 29 U.S.C. 201 *et seq*. and the NJWHL.

25. During the relevant period, Defendants were Plaintiff's employer within the meaning of the FLSA and NJWHL. Defendants had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of compensation in exchange for his services.

26. Upon information and belief, Defendants, during the relevant period, had gross annual volume of sales of not less than $500,000.

27. In addition, upon information and belief, Defendants are directly engaged in interstate commerce. For example, numerous items that are used and sold daily at Daily Treat were produced outside the State of New Jersey.

*Plaintiff Rafael Salazar*

28. Plaintiff was employed by Defendants as a broiler/sortie cook.

29. Plaintiff's employment began on or around October 24, 1984.

30. Plaintiff's employment ended on or around August 14, 2017.

31. Plaintiff regularly handled goods in interstate commerce which were produced outside the State of New Jersey.

32. Plaintiff's work duties required neither discretion nor independent judgment.

33. Plaintiff regularly worked in excess of 40 hours per week.

34. Plaintiff did not clock in or out of his shifts.

35. From approximately October 1984 until approximately August 2017, Plaintiff worked a shift at Daily Treat which lasted from approximately 12:00 p.m. until at 10:00 p.m.

36. For three (3) months each summer (from around May or June until approximately July or August), Plaintiff worked his shift seven (7) days a week (70 hours per week). For the remainder of the year, Plaintiff worked his shift six (6) days a week (60 hours per week).

37. Prior to approximately 2015, Plaintiff was paid his wages in cash.

38. Prior to approximately 2015, Plaintiff was paid approximately $880.00 per week.

39. After approximately 2015, Plaintiff was paid a portion of his wages in cash.

40. After approximately 2015, Plaintiff was paid $812.00 per week. Plaintiff would receive a check for $412.00 and the remainder in cash.

41. Defendants only granted Plaintiff a short meal break, but no rest periods were given.

*Defendants' General Employment Practices*

42. At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiff to work in excess of 40 hours per week without paying him appropriate overtime compensation, as required by federal and state laws.

43. Defendants' pay practices resulted in Plaintiff not receiving payment for all hours worked, resulting in his effective rate of pay falling below the required overtime wage rate.

44. Plaintiff was a victim of Defendants' common policy and practice of violating rights under the FLSA and NJWHL by *inter alia* not paying the overtime owed for the hours worked.

45. As part of their regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff by engaging in a pattern, practice, and/or policy of violating the FLSA and the NJWHL.

46. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA.

47. Defendants failed to maintain a system which recorded and stored the time Plaintiff started and ended his shifts.

48. Defendants paid Plaintiff a portion of his wages in cash.

49. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff worked, and to avoid paying Plaintiff properly for overtime due.

**FIRST CAUSE OF ACTION**
**(Violation of the Overtime Provisions of the FLSA)**

50. Plaintiff re-avers and re-alleges the allegations set forth above, as though fully set forth herein.

51. Defendants failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

52. Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

53. Plaintiff was damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (Violation of the Overtime Provisions of the New Jersey Labor Law)

54. Plaintiff re-avers and re-alleges the allegations set forth above, as though fully set forth herein.

55. Defendants failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of NJWHL §§ 34:11-56a et seq.

56. Defendants' failure to pay Plaintiff overtime compensation was willful.

57. Plaintiff was damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants:

a) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA;

b) Declaring that Defendants' violations of the provisions of the FLSA were willful;

c) Awarding Plaintiff damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

d) Awarding Plaintiff liquidated damages in an amount equal to 100% of his damages for the amount of unpaid overtime wages, 29 U.S.C. § 216(b);

e) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NJWHL;

f) Declaring that Defendants' violations of the NJWHL were willful;

  g) Awarding Plaintiff damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages as applicable,

  h) Awarding Plaintiff pre-judgment and post-judgment interest as applicable;

  i) Awarding Plaintiff the expenses incurred in this action, including costs and attorneys' fees; and

  j) All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues triable by a jury.

Dated: Garden City, New York
   September 11, 2018

       Respectfully Submitted,

       **Bashian & Papantoniou, P.C.**
       *Attorneys for Plaintiff*
       500 Old Country Road, Ste. 302
       Garden City, NY 11530
       Tel: (516) 279-1554
       Fax: (516) 213-0339

       ***By:*** */s/ Erik M. Bashian*
       **ERIK M. BASHIAN, ESQ.**
       eb@bashpaplaw.com

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, __Rafael Salazar__, am an employee currently or formerly employed by __Daily Treat__, and/or related entities.

I consented to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated:
September __6__, 2018

_____
Signature

52096v2

9